UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Criminal No. 01-CR-00104(RRL)

Kim Robinson,
Petitioner,

-vs-

United States of America,
Respondent,

# KIM ROBINSON'S PRO SE MOTION AND BRIEF REQUESTING A MODIFICATION OF THE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

Now comes Kim Robinson (Robinson), proceeding Pro se and In Propria persona in the above styled action and numbered cause, to respectfully move this most honorable court with his motion requesting a modification of the sentence pursuant to 18 U.S.C. § 3582(c)(2), as he was sentenced to a term of imprisonment based on a recently recognized disparity of the crack cocaine guidelines, that has been retroactively lowered by the United States Sentencing Commission (Commission), pursaunt to 28 U.S.C. § 994(o). In support of Robinson's claim for relief he hereby avers as follows:

## PROCEDURAL BACKGROUND SUMMARY

Robinson was arrested based on an indictment returned by a grand jury sitting in the United States District Court for the

District of Rhode Island. The Indictment charged that on or about January 9, 2001, in the District of Rhode Island, that defendant Robinson, did knowingly and intentionally distribute 24.2 grams of a mixture and substance containing a detectable amount of cocaine base (Crack), a Scheduled II Controlled Substance; In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The Indictment was dated and filed on or about October 10, 2001.

After initially pleading not guilty, Robinson entered into a plea agreement with the government that was signed on December 2, 2001. A change of plea, Rule II hearing was held on December 13, 2001, and the sentencing proceeding was held on or about October 22, 2002. Counsel on behalf of Robinson, argued factors in mitigation of punishment. Namely, that Robinson should be entitled to a downward departure under the United States Sentencing Guidelines (USSG), Section 5K2.13, for diminshed mental capacity. The Court considered the arguments of counsel for Robinson and objections of same by the government, and determined that he did not meet the criteria for a departure under § 5K2.13.

Robinson's base offense level under the guidelines were established based on the ranges set forth under the crack cocaine guidelines, taken together with his criminal history score. The government agreed to the total of a 3 point deduction in the guideline offense level under USSG § 3E1.1(a) and (b), for Robinson's acceptance of responsibility and his willingness to enter a timly plea of guilty. The Court then imposed a sentence of 188 months, with and additional term of 5 years supervised release. No appeal was filed.

SUMMARY OF THE ARGUMENT(S)

Robinson asserts that this Court has authority and the discretion to consider independent grounds to reduce and modify his sentence, under the retroactive amendment of the crack cocaine guidelines implemented by the United States Sentencing Commission, taken together with consideration of all 21 U.S.C. § 3553(a) factors to avoid unwarranted disparities. It is reasonable assert that because the Commission's statement that its action to amend the crack cocaine guidelines was only an "interim fix" of a recognized, and still existent problem of sentencing disparity, it would be within the court's discretion at any proposed resentencing to take the advisory appraoch of the guidelines, and make a conversion from the crack to the powder cocaine guidelines.

This approach at avoiding further unwarranted disparities would be consistent with the Suprem Court's approach that was delineated under Kimbrough v. United States, 522 U.S. ____, 128 S.Ct. ____, 169 L.Ed 2d 481 (2007); and Gall v. United States, 522 U.S. ____, 128 S.Ct. ____, 169 L.Ed 2d 455 (2007). Since the Supreme Court's decisions in Kimbrough and Gall, some courts have taken the approach of avoiding any disparity in its sentencing guideline decisions under 21 U.S.C. § 3553(a)(6)'s mandate to avoid unwarrented disparities. This is so, because the Commission has aknowledged that there is still an apparent disparity between crack and powder cocaine.

Moreover, the Supreme Court's ruling under United States v. Booker, 543 U.S. 22, 263 (2005), has reasoned that the guidelines are advisory. Taking the advisory approach, it would not be an

abuse of discretion for this court to utilize the powder cocaine guidelines, effectively removing any semblance of the still apparent disparity.

## ARGUMENT(S)

### I. MR. ROBINSON MAY BE ENTITLED TO HAVING HIS SENTENCE REDUCED BY 37 MONTHS, PURSUANT TO THE RETROACTIVE AMENDMENT OF THE CRACK COCAINE GUIDELINES AND THE CONTINUING MANDATE OF 18 U.S.C. § 3553(a)(6)

The United States Sentencing Commission promulgated Amendment 706 (2007), which modified the base offense level in USSG § 2D1.1(c), entitled "Drug Quantity Table" for the crack cocaine guidelines. This modest decrease of two levels bacame effective November 1, 2007, and on March 3, 2008, Amendment 706 (2007) became retroactive. The Commission's rationale for the crack guidelines modification (familiarity with which is presumed), was premised on its "consistently held position that the 100-1 drug quantity ratio significantly undermines various congressional objectives set forth in the Sentencing Reform Act and elsewhere."

The Commission also stated that "the problems associated with the 100-1 drug quantity ratio are so urgent and compelling that [Amendment 706] was promulgated as an interim measure to alleviate some of those problems." The Commission concluded its report by urging Congress to act promptly in addressing the problems associated with the 100-1 drug quantity ratio. However, Congressional relief seems slow to come forth. As such, the two-level reduction in the crack cocaine sentencing guidelines is only an "interim" solution to an immediate problem in regards to

the crack cocaine versus powder cocaine 100-1 ratio.

It is argued that once the authority to revisit the sentence has been triggered, the Court still needs to ensure that the new sentence is compatible with § 3553(a) factors. It is clear that under the advisory guidelines approach, the district court is endowed with the discretion to depart from the guidelines. See United States v. Hicks, 472 F.3d 1167, 1170 (9th Cir. 2007), ("[b]ecause a 'mandatory system is no longer an open choice,' district courts are necessarily endowed with the discretion to depart from the guidelines when issuing new sentences under § 3582(c)(2)." Citing Booker.

The Supreme Court in Kimbrough stated in part, that the sentencing court is entitled to consider the effect of the disparity of the crack/powder guidelines in determining the appropriate sentence for a defendant. Because Section 3553(a)(6) directs courts to consider the need to avoid unwarranted disparities along with other § 3553(a) factors when imposing sentences, any approach taken to utilize the powder cocaine guidelines would be justified and reasonable.

For further support of this proposition, we defer to the guidance of Kimbrough. The Court contrasted the guideline range in Kimbrough of 228 to 270 months with the range that it would have applied had he been held accountable for an equivalent amount of powder cocaine. In this setting, the range would have been 97 to 106 months, inclusive of the 5-year mandatory minimum for a firearms charge. Neither of the governments arguments in this case persuaded the Court to hold the crack/powder ratio untouchable by the sentencing courts. Id at 498

By conducting a careful review of Robinson's criminal culpability, and the applicable sentencing guideline positioning as it relates to the evidence and correction of the crack/powder disparity we refer to the following demonstration:

1. Robinson's current guideline level based on the drug amounts attributed against him of 24.2 grams of cocaine base would give him a base offense level of 28 (20G but less than 35G of cocaine base USSG § 2D1.1(6)).

2. Because Robinson was found to be a career offender, his base offense level was enhanced to 34, criminal history category VI, resulting in a sentencing range of 262 - 327 months imprisonment.

3. Robinson's base level was reduced by 3 under USSG § 3E1.1(a) and (b), for acceptance of responsibility and reduced to a sentencing range of 188 - 235 months imprisonment.

4. In applying the amended crack cocaine guidelines to Robinson's sentence would reduce his base levels by 2, resulting in a sentencing range of 151 -188 months imprisonment. A reduction of 37 months from the currently imposed sentence.

5. Under the application of an advisory guidelines system delineated by Booker, and further expanded by the Supreme Court principles reasoned under Kimbrough, and Gall it would remove any existing disparity now imposed upon Robinson to utilize the powder cocaine guidelines. By using the mandate of § 3553(a)(2) and (6) in avoiding any unwarranted disparity Robinson's base offense level would be at 12 (less than 25G of cocaine, USSG § 2D1.1(14)).

6. With the application of the career offender, Robinson would be enhanced to level 17 (USSG § 4B1.1(F), 5

> years or more, but less than 10 years). At criminal history category VI, Robinson's sentencing range would result in 51 - 63 months, reduced by USSG § 3E1.1(a) and (b) would place him at 37 - 46 months.

As a result of the above demonstration, it would be reasonable for the Court to not only take all § 3553(a) factors into consideration, but also the fact that Robinson should be able to argue additional factors in mitigation of punishment under Rule 32 of the Federal Rules of Civil Procedure. Moreover, he should be afforded his right of allocution at any resentencing under 18 U.S.C. § 3582(c)(2). Robinson clearly has mitigating issues on evidence of diminished mental capacity pursuant to USSG § 5K2.13, that was raised, but not fully developed at his original sentencing. Further, Robinson has other compelling issues that were not available at his original sentencing.

The Supreme Court in Gall, held that it would not be an abuse of discretion for a district court to consider all of the mitigating factors; the need to avoid unwarranted disparities; and the application of the advisory guideline approach to now apply the powder cocaine guidelines at a resentencing. Taking the approach that the Commission would seek any compliance to USSG § 1B1.10, at a resentencing would henceforth return a mandatory guideline function upon the district courts, as it in turn makes USSG § 2D1.1 mandatory in the context of a § 3582(c)(2) resentencing.

For this proposition, we look to the Supreme Court's decision in Rita v. United States, 127 S.Ct. 2465, 2468 (2007), holding that the "district court may conclude that the guideline

sentence fails to reflect § 3553(a) considerations; reflects an unusual judgment; does not treat defendant characteristics in the proper way; or that a different sentence is appropriate 'regardless'".

In the context of this presentation, it is vital that we recognize the fact that the current amended crack guidelines does not fully rectify the problems of the ongoing disparity between powder and crack cocaine guideline sentences. Quoting the Commission, the Supreme Court wrote that the "modest amendment [still] yields [a disparity in] sentences for equal amounts of powder," and the Commission has recommended that the ratio be "substantially reduced." Kimbrough, at 558.

Because the current amended crack guidelines still results in sentences that are based on an unwarranted disparity (The guideline as amended "now advances a crack/powder ratio that varies at different levels, between 25 to 1, and 80 to 1), and fails to serve the equally protected purpose of sentencing." For this reason, a district court cannot automatically assume, as the Commission would have it - that a sentence under the amended guidelines satisfies that mandate set forth under § 3553(a). And because the Court has a statutory obligation to consider the applicable § 3553(a) factors when imposing a new sentence under § 3582(c)(2), the Commission's policy statement to the contrary is invalid. Kimbrough, at 573; see also id at 569.

For further support, we look to the courts reasoning under Stinson v. United States, 123 L.Ed 2d 598 (1993), (commentary and policy statement alike are authoritative unless in violation of the Constitution). In short, whether or not § 3582(c)(2)

re-sentencings constitute full re-sentencings, equitable proceedings, or something in between, the district court must still treat a Commission policy statement as advisory or violate the principle set forth under Booker. Also see Hicks, ("[T]o the extent that ... [§1B1.10(b)(1)'s] policy statements are inconsistent with Booker, by requiring that the Guidelines be treated [in any way] as mandatory, the policy statements must give way.").

## CONCLUSION

Premised on the foregoing arguments and authorities cited herein, Mr. Robinson prays that this honorable court will remand this action for resentencing. At a resentencing, it is further prayed that the court will take the advisory approach that was not previously available at the original sentencing, and that the court will exercise all § 3553(a) factors, thereby considering all the available factors in mitigation of punishment. Under this approach it would be reasonable and within the courts discretion to resentence Robinson under the powder cocaine guidelines to avoid any recognized but still existent disparity to avoid a complete miscarriage of justice.

Respectfully presented,

Kim Robinson

Kim Robinson, Pro se.
Reg. No 05064-070
FMC Devens, Unit H-B
P.O. Box 879
Ayer, MA 01432